UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO CABRAL, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL AUTOMOBILE CO. INC. d/b/a COLONIAL FORD; and COLONIAL SUBARU, INC.<br><br>Defendants. | CIVIL NO.: _____<br><br><br><br><br><br><br><br><br><br>JANUARY 22, 2013 |

# COMPLAINT

## INTRODUCTION

1. An employer's obligation to pay its employees overtime wages is more than a matter of private concern between the parties. Rather, this duty carries out the dictate of Congress and the Connecticut Legislature, founded on a compelling public policy: in a modern, humane society, workers are not simply indentured servants — they are entitled to work a livable number of hours at a livable wage. In addition to benefiting the individual employee in this manner, the overtime requirement also serves a fundamental societal goal: it is expressly designed to reduce unemployment by giving the employer a disincentive to concentrate the work in a few overburdened hands and an incentive to instead hire additional employees. Especially in the current economic climate, the importance of this objective cannot be overestimated.

2. This is an action against Defendants, Colonial Automobile Co, Inc. d/b/a Colonial Ford, and Colonial Subaru, Inc. (collectively referred to herein as the "Colonial Defendants") for the Colonial Defendants' systemic, company-wide unlawful treatment of the Plaintiff, and other current and former non-exempt employees, by willfully failing to pay them overtime wages for hours

1

worked in excess of 40 hours per week.

3. Plaintiff brings this action on behalf of himself, and other similarly situated non-exempt employees, who work or worked for the Colonial Defendants, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b). This collective action claims that the Colonial Defendants have violated the wage-and-hour provisions of the FLSA by depriving the Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful overtime wages. Plaintiff, and all similarly situated employees who elect to participate in this action the ("FLSA Class"), seek unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also brings this action as a class action on behalf of himself, and other similarly situated non-exempt employees, under Connecticut overtime statutes and regulations, and under Connecticut common law (the "State Law Class"). Specifically, the State Law Class seeks unpaid wages (including compensation at the overtime rate of one and one-half times their regular rates of pay) for their work beyond 40 hours per week pursuant to Connecticut labor law and regulations, including but not limited to Conn. Gen. Stat. §§ 31-60(a), 31-68(a), 31-71b, 31-72, and 31-76c, and pursuant to the Connecticut common law.

## JURISDICTION

5. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

6. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, because the action arises under a federal statute, 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the Connecticut state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2

8. The Colonial Defendants are subject to personal jurisdiction in the State of Connecticut. The Colonial Defendants are Connecticut corporations headquartered in Danbury, Connecticut and sell motor vehicles and provide related services in the State of Connecticut.

## PARTIES

9. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

10. At all relevant times, Plaintiff, Marco Cabral, was and is a resident of Connecticut. He worked for one or more of the Colonial Defendants since on or about March 13, 2001 until on or about January 5, 2013.

11. At all relevant times, Defendant, Colonial Automobile Co, Inc. d/b/a Colonial Ford was and is a Connecticut corporation with its principal place of business located at 126 Federal Road, Danbury, CT.

12. At all relevant times, Defendant, Colonial Subaru, Inc. was and is a Connecticut corporation with its principal place of business located at 120 Federal Road, Danbury, CT.

13. The activities of the Colonial Defendants referred to herein were, and are, related and performed through unified operation or common control for a common business purpose, and have, at all relevant times, constituted an enterprise within the meaning of 29 U.S.C. 203(r).

14. Upon information and belief, the Colonial Defendants' enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 29 U.S.C. 203(s)(1)(A).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

16. Between on or about March 13, 2001 and the present, Plaintiff, and/or other past and current non-exempt employees, worked for one or more of the Colonial Defendants.

17. At all relevant times, because Plaintiff, and these other employees, were classified as "non-exempt" by the Colonial Defendants, Plaintiff, and these other non-exempt employees, were entitled to be paid overtime wages for hours they worked in excess of 40 hours per week.

18. In order to purposefully avoid paying Plaintiff, and these other non-exempt employees, overtime wages for hours they work in excess of 40 hours per week, the Colonial Defendants, in violation of Federal and State overtime laws and regulations, and the Connecticut common law, knowingly, willfully, intentionally, maliciously, wantonly, and deceptively required, and continue to require, Plaintiff, and these other non-exempt employees, to divide their work hours between several of the Colonial Defendants, so that it appeared that they did not work more than 40 hours per week for any individual Colonial Defendant. Despite the fact that Plaintiff and these other non-exempt employees worked more than 40 hours per week, and performed the same job functions, at the same location, and at the direction of the same supervisors, the Colonial Defendants issued, and continue to issue, Plaintiff, and these other non-exempt employees, multiple paychecks so that they did not have to pay them overtime wages for hours worked in excess of 40 hours per week.

## FLSA ALLEGATIONS

19. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

20. The FLSA Class is defined as follows: (1) All non-exempt employees that worked

for one or more of the Colonial Defendants; (2) that individually worked more than 40 hours in any one week for one or more of the Colonial Defendants in total; and (3) who were not paid overtime wages for hours worked in excess of 40 hours per week.

## CLASS ALLEGATIONS

21. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

22. Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure of the State Law Class defined as follows: (1) All non-exempt employees that worked for one or more of the Colonial Defendants; (2) that individually worked more than 40 hours in any one week for one or more of the Colonial Defendants in total; and (3) who were not paid overtime wages for hours worked in excess of 40 hours per week.

23. Excluded from the Class are the Colonial Defendants, any entity in which the Colonial Defendants have a controlling interest or is a parent or subsidiary of, or any entity that is controlled by the Colonial Defendants and/or any of their officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns.

24. Plaintiff does not know the exact size or identities of the proposed class, since such information is in the exclusive control of the Colonial Defendants. Plaintiff believes that the State Law Class encompasses hundreds of individuals whose identities can be readily ascertained from the Colonial Defendants' books and records. Therefore, the State Law Class is so numerous that joinder of all members is impracticable.

25. All members of the State Law Class have been subject to and affected by the same conduct. The claims are based on the Colonial Defendants' common employment practice of requiring State Law Class members to divide their work hours between several of the Colonial Defendants, so that it appeared that they did not work more than 40 hours per week for any

individual Colonial Defendant, so that they did not have to pay them overtime wages. There are questions of law and fact that are common to the class, and predominate over any questions affecting only individual members of the State Law Class. These questions include, but are not limited to the following:

   a. the nature, scope and operation of the Colonial Defendants' employment practice regarding payment of overtime wages for hours worked in excess of 40 hours per week;

   b. whether the Colonial Defendants violated Connecticut state labor laws and regulations by failing to pay the State Law Class members overtime wages for hours worked in excess of 40 hours per week;

   c. whether the Colonial Defendants breached their contracts with the State Law Class members to pay them overtime wages for hours worked in excess of 40 hours per week;

   d. whether the Colonial Defendants were unjustly enriched by the amount of overtime wages they failed to pay the State Law Class members for hours they worked in excess of 40 hours per week; and

   e. whether the Court can order damages and enter injunctive relief.

26. Plaintiff's claims are typical of the claims of the State Law Class and do not conflict with the interests of any other members of the State Law Class in that both the Plaintiff and the other members of the State Law Class were subject to the same conduct.

27. Plaintiff will fairly and adequately represent the interests of the State Law Class. He is committed to the vigorous prosecution of the State Law Class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions.

6

28. A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

29. This putative class action meets both the requirements of Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3).

30. The Colonial Defendants have acted, or refused to act, on grounds that apply generally to the State Law Class so that final injunctive relief is appropriate respecting the class as a whole.

## COUNT I
### (Injunctive Relief)
### (Individually And On Behalf Of The FLSA Class And the State Law Class)

31. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

32. Absent injunctive relief enjoining the Colonial Defendants from engaging in the unlawful practices described above, Plaintiff and members of the FLSA Class and State Law Class will be irreparably injured, the extent, nature and amount of such injury being impossible to ascertain.

33. Plaintiff and the members of the FLSA Class and State Law Class have no plain, speedy and adequate remedy at law.

34. As the Colonial Defendants have at all times failed to pay Plaintiff and the FLSA Class and State Law Class overtime wages for hours they worked in excess of 40 hours per week, Plaintiff and the members of the FLSA Class and State Law Class seek permanent injunctive relief enjoining the Colonial Defendants from engaging in the unlawful practices alleged herein.

35. For these reasons, preliminary and permanent injunctive relief is appropriate, and Plaintiff and members of the FLSA Class and State Law Class are entitled to injunctive relief.

## COUNT II
### (Claim for Wages Pursuant to 29 U.S.C. Section 201, et. seq.)
### (Individually And On Behalf Of The FLSA Class)

36. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

37. Since on or about March 13, 2001, the Colonial Defendants have failed to pay to Plaintiff and the FLSA Class wages, including overtime wages, to which the Plaintiff and the members of the FLSA Class are entitled as employees of the Colonial Defendants, in violation of 29 U.S.C. Section 201, et seq.

38. The actions of the Colonial Defendants were willful and taken in bad faith, arbitrarily and/or unreasonably.

39. As a result of the Colonial Defendants' conduct, Plaintiff and the members of the FLSA Class have suffered, and will continue to suffer, damages, including loss of wages with interest and related fringe benefits.

40. As a further result of the actions of the Colonial Defendants, Plaintiff and the members of the FLSA Class have incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

41. The actions of the Colonial Defendants were willful and taken in bad faith, arbitrarily and/or unreasonably.

42. The Colonial Defendants are also liable to the Plaintiff and the members of the FLSA Class for liquidated damages, including but not limited to double damages, attorneys' fees, and costs under 29 U.S.C. Section 216.

## COUNT III
### (Claim For Wages Pursuant To C.G.S. § 31-68)
### (Individually And On Behalf Of The State Law Class)

43. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

44. Since on or about March 13, 2001, the Colonial Defendants have failed to pay wages to Plaintiff and members of the State Law Class, including overtime wages, to which they were, and are, entitled as non-exempt employees of the Colonial Defendants, in violation of C.G.S. § 31-68.

45. As a further result of the actions of the Colonial Defendants, Plaintiff and members of the State Law Class have incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

46. The actions of the Colonial Defendants were willful and taken in bad faith, arbitrarily and/or unreasonably.

47. The Colonial Defendants are also liable to Plaintiff and members of the State Law Class for double damages under C.G.S. § 31-68.

### COUNT IV
### (Claim For Wages Pursuant To C.G.S. § 31-72)
### (Individually And On Behalf Of The State Law Class)

48. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

49. Since on or about March 13, 2001, the Colonial Defendants have failed to pay wages to Plaintiff and members of the State Law Class, including overtime wages, to which they were, and are, entitled as non-exempt employees of the Colonial Defendants, in violation of C.G.S. § 31-72.

50. As a further result of the actions of the Colonial Defendants, Plaintiff and members of the State Law Class have incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

51. The actions of the Colonial Defendants were willful and taken in bad faith, arbitrarily and/or unreasonably.

52. The Colonial Defendants are also liable to Plaintiff and members of the State Law Class for double damages under C.G.S. § 31-72.

## COUNT V
### (Breach Of Contract)
### (Individually And On Behalf Of The State Law Class)

53. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

54. Plaintiff and the members of the State Law Class entered into contracts with the Colonial Defendants whereby the Colonial Defendants agreed to pay wages to Plaintiff and the members of the State Law Class, pursuant to state and federal labor laws including, but not limited to, paying overtime wages for hours they worked in excess of 40 hours per week, in consideration for the time they spent working for the Colonial Defendants.

55. At all relevant times, Plaintiff and the members of the State Law Class fulfilled all of their obligations under the contract to the Colonial Defendants.

56. Notwithstanding, the Colonial Defendants breached their contracts with Plaintiff and the members of the State Law Class by failing to pay them overtime wages for hours they worked in excess of 40 hours per week.

57. As a consequence of the Colonial Defendants' breaches of contract, Plaintiff and the members of the State Law Class have been and continue to be damaged and deprived of the possession and use of their overtime wages that the Colonial Defendants wrongfully failed to pay them.

## COUNT VI
### (Unjust Enrichment)
### (Individually And On Behalf Of The State Law Class)

58. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

59. By failing to pay Plaintiff and the members of the State Law Class overtime wages for hours they worked in excess of 40 hours per week, the Colonial Defendants have received, and continue to receive, substantial financial benefits, including, but not limited to, the use and enjoyment of the overtime wages that it failed to pay to Plaintiff and the members of the State Law

Class.

60. The Colonial Defendants unjustly retained and failed to pay Plaintiff and the members of the State Law Class for the value of those benefits.

61. The Colonial Defendants' failure to pay Plaintiff and the members of the State Law Class for those benefits is to their detriment.

62. As a consequence, the Colonial Defendants have been unjustly enriched at the expense and detriment of Plaintiff and the members of the State Law Class who have been and continue to be deprived of the possession and use of their overtime wages that the Colonial Defendants wrongfully failed to pay to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. Certify the FLSA Class as a collective action and appoint Plaintiff to be class representative and his counsel to be class counsel;

b. Certify the State Law Class as a class action and appoint Plaintiff to be class representative and his counsel to be class counsel;

c. Money damages, as to Plaintiff, the FLSA Class, and the State Law Class;

d. Double damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b), as to Plaintiff and the FLSA Class;

e. Double damages, attorney's fees, and costs pursuant to C.G.S. § 31-68, as to Plaintiff and the State Law Class;

f. Double damages, attorney's fees, and costs pursuant to C.G.S. § 31-72, as to Plaintiff and the State Law Class;

g. Interest, as to Plaintiff, the FLSA Class, and the State Law Class;

h.  Grant a permanent or final injunction enjoining the Colonial Defendants' agents and employees, affiliates and subsidiaries, from continuing to harm Plaintiff and the members of the FLSA Class and the State Law Class as complained of herein;

i.  Costs of all notices and things that the Court may require for the FLSA Class and the State Law Class members;

j.  Such other relief at law or in equity that may or doth appertain.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF

BY _____
Peter M. Van Dyke, ct24747
pvd@eddf-law.com
Eagan, Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107
Tel: (860) 232-7200
Fax: (860) 232-0214

- and -

Jennifer DeCastro Tunnard, ct27284
Law Offices of Jennifer DeCastro Tunnard, LLC
68 North Street
Danbury, CT 06810
Tel: (203) 790-7747
Fax: (203) 790-9538