UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARCO CABRAL,** on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**COLONIAL AUTOMOBILE CO. INC. d/b/a COLONIAL FORD and COLONIAL SUBARU, INC.,**<br><br>    Defendants. | :<br>:<br>: CIVIL ACTION NO.: 3:13-cv-00109 (MPS)<br>:<br>:<br>:<br>:<br>:<br>:<br>: MARCH 25, 2014<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING COUNT SIX OF THE COMPLAINT**

I.  **INTRODUCTION**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Colonial Automobile Co. Inc. d/b/a Colonial Ford and Colonial Subaru, Inc. ("Ford" and "Subaru" or "Defendants") by their attorneys, Littler Mendelson, P.C., respectfully submit this memorandum of law in support of their motion for an Order dismissing Count Six of the Complaint for failure to state a claim upon which relief may be granted.

As set forth more fully below, Count Six (Unjust Enrichment) should be dismissed because it is preempted by the Fair Labor Standards Act ("FLSA") and Connecticut's wage payment laws and because Plaintiff has an adequate remedy at law. Accordingly, this Court should dismiss Count Six of the Complaint.

## II.  FACTUAL BACKGROUND[1]

Plaintiff Marco Cabral ("Cabral" or "Plaintiff") worked for the Defendants at various times from March 13, 2001 until January 5, 2013. See Compl., ¶¶ 10, 16. He purports to bring this suit on behalf of himself and other similarly situated non-exempt employees who worked for one or more of Defendants between March 13, 2001 and the present. Id., ¶¶ 3, 16. He claims that these employees were classified as non-exempt and were entitled to be paid overtime wages for hours that they worked in excess of forty (40) hours per week. Id., ¶ 17.

However, he claims that Defendants did not pay them all the overtime due them, because they did no aggregate their hours worked for Ford and Subaru in calculating overtime compensation. See Compl., ¶ 18. He claims that this failure to pay overtime wages was a violation of the FLSA and Connecticut's wage payment laws. Id., ¶¶ 34, 37, 44, 49. He also claims that this same failure to pay overtime wages resulted in Defendants being unjustly enriched to his and the other potential class members' detriment, since they were and continue to be deprived of overtime wages that were allegedly wrongfully not paid to them. Id., ¶ 62.

## III.  STANDARD OF REVIEW

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Golden Hill Paugussett Tribe of Indians v. Rell, 463 F. Supp. 2d 192, 196 (D. Conn. 2006) (internal quotation marks omitted). A motion for judgment should be granted when it appears

---

[1] For purposes of this motion, the Court must accept Plaintiff's allegations as true, so Defendants' discussion of facts follows this convention. Defendants note, however, that they dispute strongly the factual recitations set forth in the Complaint.

that plaintiff can prove no facts that would entitle him to relief. See CadleRock Props. Joint Venture, L.P. v. Schilberg, No. 3:01cv896 (MRK), 2005 U.S. Dist. LEXIS 14701, at *5 (D. Conn. July 18, 2005).[2]

While a plaintiff seeking to avoid a judgment on the pleadings must establish only that he is entitled to offer evidence to support his claims and not that he actually will prevail, "bald assertions and conclusions of law will not suffice to meet this pleading standard." Billue v. Praxair, Inc., No. 3:05-cv-00170, 2005 U.S. Dist. LEXIS 25815, at *4 (D. Conn. Oct. 25, 2005) (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Logan v. SecTek, Inc., 632 F. Supp. 2d 179, 182 (D. Conn. 2009) (internal quotations omitted).

## IV.   ARGUMENT

### A.   Count Six for Unjust Enrichment Should Be Dismissed Because It is Preempted by the FLSA.

The law is clear that the FLSA preempts claims for overtime founded on unjust enrichment based on principles of obstacle preemption. See Anderson v. Sara Lee Corp., 508 F.3d 181, 191-95 (4th Cir. 2007); Fracasse v. People's United Bank, Docket No. 3:12cv00856 (JCH) (Dec. 26, 2012) (Doc. 35). This is exactly the case here.

The underlying allegations in support of Plaintiff's unjust enrichment claim repeats the alleged failure to pay overtime as are alleged in the counts claiming violations of the FLSA and Connecticut wage laws. Specifically, Count Six for unjust enrichment states as follows:

---

[2] All unreported decisions are attached hereto.

3.

- "By failing to pay Plaintiff and the members of the State Law Class overtime wages for hours they worked in excess of 40 hours per week, the Colonial Defendants have received, and continue to receive, substantial financial benefits, including, but not limited to, the use and enjoyment of the overtime wages that it failed to pay to Plaintiff and the members of the State Law Class." Compl. Count Six, ¶ 59.

- "As a consequence, the Colonial defendants have been unjustly enriched at the expense and detriment of Plaintiff and the members of the State Law Class who have been and continue to be deprived of the possession and use of their overtime wages that the Colonial Defendants wrongfully failed to pay to them." Id. ¶ 62.

Clearly, the unjust enrichment claim is based completely on the same allegations as Plaintiff's FLSA and Connecticut wage law claims, i.e., the alleged failure of Defendants to pay required overtime. Under these circumstances, "courts have no trouble dismissing the common law claims as preempted to the extent recovery is available under the FLSA, even where the plaintiff also brought wage claims under a parallel state statute." Hintergerger v. Catholic Health Sys., No. 08-CV-952S, 2012 U.S. Dist. LEXIS 37066, at *32 (W.D.N.Y. Jan. 17, 2012) (citing cases); see also Anderson, 508 F.3d at 191-94 (4th Cir. 2007) ("Because the FLSA's enforcement scheme is an exclusive one, we further conclude that the Class Members' FLSA-based contract, negligence, and fraud claims are precluded under a theory of obstacle preemption;" state claims are "preempted by the FLSA where those claims have merely duplicated FLSA claims."); Desilva v. N. Shore-Long Island Jewish Health Sys., No. 10-CV-1341 (JFB) (ETB), 2012 U.S. Dist. LEXIS 30597, at *3 (E.D.N.Y. Mar. 7, 2012) ("As to plaintiffs' state common law claims, the Court dismissed these claims with prejudice as preempted by the FLSA to the extent that they sought overtime wages and, thus, were duplicative of the FLSA claim."); Choimbol v. Fairfield Resorts, Inc., No. 2:05cv463, 2006 U.S. Dist. LEXIS 68225, at *22 (E.D.Va. Sept. 11, 2006) (finding unjust enrichment

4.

and fraud claims preempted as they "merely recast the central claim in this case: violation of the FLSA"); Petras v. Johnson, No. 92 Civ. 8298 (CSH), 1993 U.S. Dist. LEXIS 8464, at *8 (S.D.N.Y. June 22, 1993) (finding fraud claims preempted by the FLSA because they were "nothing more than a claim that the defendants intentionally frustrated the overtime laws, a statutory violation for which Section 216(b) of the statute provides exclusive relief"); Farmer v. Directstat USA, No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738, at *47 (N.D. Ill. Oct. 4, 2010) ("Based on this significant body of persuasive authority, the FLSA preempts Plaintiffs' state common law claims of unjust enrichment, quantum meruit, and breach of implied contract."); Helm v. Alderwoods Group, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) ("In this case, plaintiffs' claims for unpaid overtime are directly covered by the FLSA. While the FLSA's savings clause allows states and municipalities to enact wage and hour legislation that is *more* favorable to workers than the FLSA, the federal statute preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay).")

This reasoning has been applied in the District of Connecticut in Fracasse v. People's United Bank, Docket No. 3:12cv00856 (JCH) (Dec. 26, 2012). In Fracasse, the Honorable Janet C. Hall granted defendant's motion to dismiss the plaintiff's claim for unjust enrichment because the claim was preempted by the FLSA. Id. at 14. The underwriter plaintiffs had sued People's United Bank ("People's") claiming that People's misclassified them as exempt employees and owed them unpaid overtime damages. Id. at 1-2. The Court analyzed relevant case law and concluded that the "FLSA's comprehensive remedial scheme preempted additional state remedies for what were

5.

essentially violations of the FLSA." Id. at 6. In fact, the Court cited with approval the New York District Court's decision in Hintergerger v. Catholic Health Sys., No. 08-CV-952S, 2012 U.S. Dist. LEXIS 37066 (W.D.N.Y. Jan. 16, 2012), finding that "an employee's claims related to overtime pay were preempted by the FLSA to the extent they claim a failure to pay overtime compensation." Fracasse, Docket No. 3:12cv00856 (JCH), at 7. Similarly, the Court agreed with the New York District Court's decision in Sosnowy v. A. Perri Farms, Inc., 746 F. Supp. 2d 457 (E.D.N.Y. 2011), in which the court found that an employee's state common law claim for failure to pay overtime was preempted by the FLSA. See Fracasse, Docket No. 3:12cv00856 (JCH), at 8.

Therefore, agreeing with this reasoning, the Court found that "Plaintiffs' claims are preempted by the FLSA because each is a state common law claim [including an unjust enrichment claim] premised on a failure to pay overtime wages, which is a violation covered under the FLSA and for which the FLSA provides a remedy." Id. at *9.

Here, it is beyond dispute that Plaintiff's allegations in support of his unjust enrichment claim are identical to his claim for failure to pay overtime wages under the FLSA. Therefore, because the FLSA preempts all common law claims for overtime compensation, including unjust enrichment claims, Plaintiff's claim for unjust enrichment in Count Six fails as a matter of established law.

### B. Count Six for Unjust Enrichment Should Be Dismissed Because It is Also Preempted by Connecticut's Wage Payment Laws.

Even if Plaintiff's unjust enrichment claim were not preempted by the FLSA — which is untrue for the reasons stated above — his unjust enrichment claim still should be dismissed because it is preempted by Connecticut's wage payment laws. In Connecticut, when there is a statutory remedy for a claim, a common law remedy is no

longer available. See Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985); Vera v. Waterbury Hosp., No. 3:10-cv-1417 (WWE), 2010 U.S. Dist. LEXIS 120827, at *9 (D. Conn. Nov. 16, 2010) ("In this case, plaintiff is able to assert all of his claims through the various statutes that he cites within the complaint — FMLA, ADA, the Rehabilitation Act and CFEPA. These statutes provide the exclusive remedies for his various discrimination claims. Therefore, his claim for wrongful termination in violation of public policy is preempted and will be dismissed."); Armstead v. Stop & Shop Cos., No. 3:01cv1489 (JBA), 2003 U.S. Dist. LEXIS 4107, at *9-11 (D. Conn. Mar. 17, 2003) (dismissing tort claim as preempted by available statutory remedies and stating that "[t]he statutory remedy bars the wrongful termination action whether or not a plaintiff has taken advantage of the existing statutory remedy . . . or if the remedies provided by the statute are lesser or narrower than the remedies potentially available in the tort or contract action."); Naser v. Ravago Shared Servs., LLC, No. 3:10cv573 (WWE), 2010 U.S. Dist. LEXIS 98103, at *9 (D. Conn. Sept. 20, 2010) (dismissing common law claim as preempted by Conn. Gen. Stat. § 31-51m); Esdaile v. Hill Health Corp., CV980262401S, 2001 Conn. Super. LEXIS 3213, at *6-8 (Conn. Super. Ct. Nov. 9, 2001) (granting employer's motion to strike common law wrongful discharge claim because it was precluded by federal and state remedies available for age and disability discrimination).

Here, it is undisputed that Plaintiff's unjust enrichment claim is based entirely on the same allegations as his claim for failure to pay overtime wages under Connecticut law. See Compl., Counts Three, Four and Six. The Connecticut's legislature has comprehensively addressed the subject matter of the payment of overtime

compensation to employees. See Conn. Gen. Stat. §§ 31-68, 31-72, 31-76c. Specifically, Conn. Gen. Stat § 31-72 provides that a non-exempt employee who is not paid overtime for hours worked in excess of forty (40) hours per week "may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ." Id.; see also Conn. Gen. Stat. § 31-68.

In fact, Plaintiff has brought a claim for failure to pay overtime wages pursuant to both Conn. Gen. Stat. § 31-68 and § 31-72. See Compl., Counts Three and Four. As such, any claim that Plaintiff was not paid overtime is preempted by the Connecticut wage payment laws. For this reason, too, Plaintiff's claim for unjust enrichment in Count Six fails as a matter of law and should be dismissed.

### C. Plaintiff's Equitable Claim in Count Six for Unjust Enrichment Should Be Dismissed Because He Has An Adequate Remedy At Law.

There is no question that a claim for unjust enrichment is an equitable claim. See Ramirez v. Gen. Elec. Co., No. 3:08cv636 (WWE), 2008 U.S. Dist. LEXIS 84178, at *4 (D. Conn. Oct. 21, 2008) ( "[u]njust enrichment is an equitable remedy based on an implied or quasi contract"); Country Club Assocs. v. Shaw's Supermarkets, Inc., No. 06-cv-0491 (JCH), 2009 U.S. Dist. LEXIS 45836, at *80 (D. Conn. May 29, 2009). This claim should be dismissed for the independent reason that Plaintiff has an adequate remedy at law. In fact, this Court on several occasions has held that "[a]n equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law." Country Club Assocs, 2009 U.S. Dist. LEXIS 45836, at *80 (D. Conn. May 29, 2009) (alterations in original) (internal quotations and citation omitted); Ramirez, 2008 U.S. Dist. LEXIS 84178, at *4-6 (dismissing unjust enrichment claim and stating that

"[u]njust enrichment is an equitable remedy based on an implied or quasi contract and is thus available only when there is no adequate remedy at law."); United States v. United Techs. Corp., 51 F. Supp. 2d 167, 200 (D. Conn. 1999) (dismissing unjust enrichment claim and stating if a plaintiff has "an adequate remedy at law, such as damages, equitable relief cannot be granted.")

Moreover, courts within this circuit have specifically found that claims for unjust enrichment are not available when a plaintiff is seeking damages for failure to pay wages and overtime under the FLSA and state wage payment laws. For example, in Scarpinato v. East Hampton Point Mgmt. Corp., No. 12-CV-3681(JFB)(GRB), 2013 U.S. Dist. LEXIS 131338 (E.D.N.Y. Sept. 13, 2013), the New York District Court adopted the Magistrate Judge's report and recommendation dismissing the unjust enrichment claim "[b]ecause an adequate remedy at law exists for plaintiff's claim — namely, a [New York Labor Law] claim for unpaid wages . . . ." Id. at *6-7. Similarly, in Bongat v. Fairview Nursing Care Ctr., Inc., 341 F. Supp. 2d 181 (E.D.N.Y. 2004), the New York District Court considered plaintiffs' claims that they were denied wages and overtime in violation of the FLSA and concluded that "[s]ince plaintiffs' FLSA claim . . . would provide an adequate remedy at law, plaintiffs' claims based upon unjust enrichment and quantum meruit are dismissed." Id. at 188–89; see also Hintergerger, 2012 U.S. Dist. LEXIS 37066, at *48-49 (dismissing unjust enrichment claim because "failure to pay [ ] straight-time wages for all hours worked" was a claim based on state wage and hour statute which provided an adequate remedy at law).

Here, it is undisputed that Plaintiff's unjust enrichment claim is based entirely on the same allegations as his claim for failure to pay overtime wages under the FLSA and

9.

Connecticut law.  See Compl., Counts One, Two, Three, Four and Six.  As such, Plaintiff's unjust enrichment claim should be dismissed because his FLSA and Connecticut wage claims provide him with an adequate remedy at law.

Dated at New Haven, Connecticut this 25th day of March, 2014.

                                **DEFENDANTS,
COLONIAL AUTOMOBILE CO., INC.
D/B/A COLONIAL FORD AND
COLONIAL SUBARU, INC.**

                                /s/ Paul A. Testa
Lori B. Alexander (ct08970)
Paul A. Testa (ct27780)
Littler Mendelson, P.C.
One Century Tower
265 Church Street, 3rd Floor
New Haven, Connecticut  06510
Tel.:  203.974.8701
Fax:  203.907.1891
Email: lalexander@littler.com
       ptesta@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

Plaintiff's Counsel:

    Jennifer J. Tunnard
    Law Office of Jennifer DeCastro Tunnard
    68 North Street
    Danbury, CT  06810

    Peter M. Van Dyke
    Eagan, Donohue, Van Dyke & Falsey, LLP
    24 Arapahoe Road
    West Hartford, CT  06107

                                              By: /s/ Paul A. Testa
                                                  Paul A. Testa (ct27780)